UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-6109

DOUGLAS FAUCONIER,

        Plaintiff – Appellant,

      v.

HAROLD W. CLARKE, Director for the Department of
Corrections; JEFFERY N. DILLMAN, Warden of Powhatan
Correctional Center; LUKE ISIAH BLACK, Institutional
Programs Manager; LAKENESHA SPENCER, Programs Assignment
Reviewer,

        Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis III, Senior
District Judge.  (1:14-cv-01692-TSE-JFA)

Argued:  January 28, 2016        Decided:  June 20, 2016

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**ARGUED:** Donald C. Morgan, WAKE FOREST UNIVERSITY SCHOOL OF LAW,
Winston-Salem, North Carolina, for Appellant.  Matthew Robert
McGuire, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond,
Virginia, for Appellees.  **ON BRIEF:** John J. Korzen, Director,
Taylor N. Ey, Third-Year Law Student, Appellate Advocacy Clinic,
WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North
Carolina, for Appellant.  Mark R. Herring, Attorney General,
Stuart A. Raphael, Solicitor General, Trevor S. Cox, Deputy

Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Fauconier, an inmate in the custody of the Virginia Department of Corrections (the "VDOC"), appeals the district court's dismissal of his pro se complaint against several VDOC officials. Fauconier's complaint alleges that the defendants unlawfully discriminated against him with respect to VDOC work programs, in contravention of the Americans with Disabilities Act (the "ADA") and the Fourteenth Amendment. The court dismissed the complaint under 28 U.S.C. § 1915A for failure to state a claim. As explained below, we vacate and remand.

I.

In December 2014, Fauconier filed his pro se complaint in the Eastern District of Virginia, attaching and making a part thereof certain records of his underlying VDOC grievance proceedings. The allegations of the complaint, together with its attachments — accepted as true and construed liberally — provide the factual background for this proceeding. See De'lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

A.

Fauconier, a VDOC inmate since 2004, held several work positions while housed at the Powhatan Correctional Center ("Powhatan"). At various times, he worked as a cafeteria server and as a "houseman" — sometimes referred to as a janitor. See

3

J.A. 5.[1]  As a houseman, Fauconier was responsible for cleaning the living quarters he shared with other inmates.  In late 2010, Fauconier was a houseman in Dormitory 8 at Powhatan ("D-8").

Fauconier suffers from myasthenia gravis, a neuromuscular disease for which he has been hospitalized on several occasions.[2] One such hospitalization occurred in October 2010, when he was briefly admitted to the Medical College of Virginia (the "2010 hospital visit").  Upon returning to Powhatan, Fauconier was placed in a different housing unit and removed from his D-8 houseman job.  Although Fauconier had always resumed his work duties following prior hospitalizations, he was not given a work position in his new housing unit after the 2010 hospital visit.

Some time later, Fauconier was transferred back to D-8.  He promptly reapplied for his D-8 houseman job, but the prison officials denied his reapplication due to his medical status of "work code D."  See J.A. 6.  Fauconier had possessed that same medical status, however, while working as a houseman in D-8 prior to his 2010 hospital visit.  Nevertheless, since that hospital visit, the prison officials have consistently denied

---

[1] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in this appeal.

[2] Although Fauconier did not specifically identify his disability in the district court, on appeal he explains — and the defendants do not contest — that he suffers from myasthenia gravis.

4

Fauconier's applications for various work positions because of his medical status.[3]

In October 2013, Fauconier filed an informal complaint with the VDOC, alleging that the prison officials had violated Title II of the ADA by excluding him from Powhatan's work programs on the basis of his medical status. Responding to that informal complaint, defendant Luke Black — Powhatan's Programs Manager — advised Fauconier that "medical work code 'D' means no work, making you ineligible for all jobs." See J.A. 14. Black also maintained that the VDOC's operating procedures justified Fauconier's exclusion from Powhatan's work programs.[4]

In November 2013, Fauconier filed a formal grievance with the prison officials, again maintaining that excluding him from Powhatan's work programs on account of his medical status violated Title II of the ADA. Specifically, Fauconier explained

_____

[3] Fauconier's complaint and its attachments do not reveal when he was first assigned work code D medical status, nor do they identify the criteria for that designation.

[4] Although Fauconier did not file the VDOC's operating procedures with his pro se complaint, we are entitled to consider them here, as the complaint refers to them and they are publicly available on the VDOC website. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (recognizing that a court may consider during Rule 12(b)(6) review any "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); see also Hall v. Virginia, 385 F.3d 421, 424 & n.3 (4th Cir. 2004) (taking judicial notice of information publicly available on official government website).

5

that he was "not bed-ridden, and [could] move around [Powhatan] with no serious impediments." See J.A. 17. Moreover, he alleged that he was "clearly qualified to perform any job offered" by the VDOC, "with or without reasonable modifications." Id. Fauconier also sought back pay for his D-8 houseman position, dating to the 2010 hospital visit.

In December 2013, Warden Jeffrey Dillman, another defendant here, rejected Fauconier's formal grievance as "unfounded." See J.A. 23. Specifically, Dillman advised that Fauconier's medical status made him "ineligible to work at this time." Id. Dillman explained that, pursuant to VDOC Operating Procedure 841.2 ("OP 841.2"), defendant Lakenesha Spencer — as Powhatan's Programs Assignment Reviewer — was required to consider Fauconier's medical status when deciding whether to place him in a vacant job. Dillman concluded that OP 841.2 had been properly applied in denying Fauconier's work position applications.[5]

---

[5] OP 841.2(C)(2)(f) provides, in pertinent part, that a VDOC Programs Assignment Reviewer should determine an inmate's eligibility for a vacant position "based on factors such as security level, medical classification, and offense history." See Va. Dep't of Corr., Offender Work Programs, http://vadoc.virginia.gov/About/procedures/documents/800/841-2.pdf (last visited June 6, 2016). As OP 841.2 states — and as the defendants conceded at oral argument — the inmate's medical classification is only one of the eligibility factors to be considered. The record is silent, however, as to whether Fauconier's security level, his offense history, or any other relevant factor was considered when his work applications were denied. Nor does the record reveal why Fauconier was able to (Continued)

Fauconier appealed Warden Dillman's denial of the formal grievance to the VDOC's Regional Ombudsman, but received no response. On October 22, 2014, after the VDOC closed the Powhatan facility, Fauconier was transferred to the Augusta Correctional Center ("Augusta"), where he is presently confined.

B.

On December 10, 2014, Fauconier initiated these proceedings by filing his pro se complaint against four VDOC officials: Director Harold Clarke, Warden Dillman, Programs Manager Black, and Programs Assignment Reviewer Spencer, in their official and individual capacities. Fauconier's complaint alleges violations of his "rights under Title II of the ADA" and "the provisions of § 1 of the Fourteenth Amendment" — including due process and equal protection. See J.A. 8. As relief, the complaint seeks a declaration that Fauconier's rights have been violated, a "preliminary and permanent injunction" ordering the defendants to stop discriminating against him, and damages. See id. Fauconier also filed motions seeking the appointment of counsel and permission to proceed in forma pauperis.

Three weeks later, before process had been served on any of the defendants, and without any submissions being made to the

work as a D-8 houseman prior to his 2010 hospital visit, despite his work code D medical status.

7

district court on their behalf, the court dismissed Fauconier's pro se complaint in its entirety under 28 U.S.C. § 1915A, for failure to state a claim. See Fauconier v. Clarke, No. 1:14-cv-01692 (E.D. Va. Dec. 31, 2014), ECF No. 4 (the "Opinion"). In pertinent part, § 1915A requires a district court to screen an inmate's complaint "as soon as practicable after docketing," and to "dismiss the complaint, or any portion of the complaint," if it "fails to state a claim upon which relief may be granted."

In its Opinion, the district court interpreted Fauconier's complaint as alleging violations of the Fourteenth Amendment's Due Process Clause and of Title II of the ADA. Regarding the former, the court concluded that the complaint stated "no claim of constitutional dimension," because "prisoners have no due process right to participate in vocational or educational programs." See Opinion 4-5. The court then reasoned that the Eleventh Amendment barred the ADA Title II claim. Fauconier's complaint was thus dismissed with prejudice, and his motions for appointment of counsel and for permission to proceed in forma pauperis were denied as moot. Fauconier has timely noted this appeal, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.[6]

---

[6] Following initial informal briefing of this appeal, we ordered formal briefing and appointed Professor John J. Korzen and the Wake Forest University School of Law Appellate Advocacy (Continued)

II.

We review de novo the dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim, utilizing the standard of review that applies to a Rule 12(b)(6) dismissal. See De'lonta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013). To survive review under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation marks omitted).

III.

A review of a prisoner's complaint against a governmental entity or officer under 28 U.S.C. § 1915A presents the first opportunity for a federal district court to separate cognizable claims from colorless cavils. When such a review is conducted, the pro se inmate is entitled not only to have his complaint construed liberally, but also to have each of his claims considered. Moreover, the court is obliged to apply the proper legal standards in making that review.

---

Clinic to represent Fauconier in this proceeding. Professor Korzen and his law students have ably served their client, and we commend their efforts.

9

Construed properly, Fauconier's pro se complaint alleges three claims in support of his requests for declaratory, injunctive, and monetary relief: (1) an ADA Title II claim of disability discrimination; (2) a § 1983 due process claim; and (3) a § 1983 equal protection claim. Importantly, it is settled that Eleventh Amendment immunity — the sole basis for the Opinion's dismissal of Fauconier's ADA Title II claim — does not extend to requests for prospective injunctive relief. See Verizon Md., Inc. v. Pub. Serv. Comm'n, 535 U.S. 635, 645 (2002). In addition, the claim for damages under the ADA runs against the state, and not against the defendants individually. On the other hand, the § 1983 claims for damages run against the defendants individually.

On appeal, Fauconier does not challenge the district court's dismissal of his § 1983 due process claim, but raises three contentions. First, he insists that the court failed to address his request for injunctive relief. Second, he maintains that the court overlooked his § 1983 equal protection claim. Finally, he argues that the court erred in its application of the Eleventh Amendment to his ADA Title II claim. On this record, we are constrained to agree.

Regarding Fauconier's first contention, we observe that, although the Opinion recognized that Fauconier was requesting "injunctive relief," the district court did not assess the

10

viability of such relief.  See Opinion 3.  With regard to Fauconier's second appellate contention, the Opinion overlooked Fauconier's § 1983 equal protection claim, even though the complaint asserts that the defendants violated "the Equal Protection Clause of the Fourteenth Amendment."  See J.A. 4.

The defendants respond on appeal that the district court's analytical omissions are of no moment, and that we should affirm the dismissal of Fauconier's complaint.  Specifically, they contend that the VDOC's transfer of Fauconier to Augusta has rendered moot any possible injunctive relief.[7]  Additionally, the defendants argue that the complaint fails to state a § 1983 equal protection claim, and that, in any event, they are entitled to qualified immunity.  In other words, the defendants ask us to affirm the dismissal of Fauconier's complaint on the basis of three contentions — mootness of the injunctive relief request, insufficiency of the equal protection claim, and qualified immunity — that were neither interposed nor considered in the district court.  We are unwilling to do so.

Put succinctly, our Court is one "of review, not of first view."  See Lovelace v. Lee, 472 F.3d 174, 203 (4th Cir. 2006) (internal quotation marks omitted).  Because the complaint's

---

[7] Fauconier argues that his injunction request is not moot, asserting, inter alia, that VDOC Director Clarke is responsible for applying OP 841.2 at all VDOC facilities, including Augusta.

11

contentions regarding injunctive relief and equal protection were not addressed by the district court, and because the defendants' mootness and qualified immunity contentions are being presented for the first time on appeal, our most prudent disposition is to vacate and remand, and thus "allow the district court to address [them] in the first instance." See Jennings v. Univ. of N.C., 482 F.3d 686, 702 (4th Cir. 2007) (en banc).[8]

IV.

Pursuant to the foregoing, we vacate the judgment and remand for such other and further proceedings as may be appropriate.

VACATED AND REMANDED

---

[8] We also agree with Fauconier that, in failing to account for his equal protection claim, the district court erred in its Eleventh Amendment analysis. See United States v. Georgia, 546 U.S. 151, 159 (2006) (announcing three-part inquiry governing application of Eleventh Amendment to ADA Title II damages claim, which includes determining whether underlying conduct might also violate Fourteenth Amendment).

12